**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

KELLY L. NIMETH

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; SONIC AUTOMOTIVE, INC.; and
SONIC-DENVER T, INC., d/b/a MOUNTAIN STATES TOYOTA,

      Defendants.

---

## COMPLAINT

---

      COMES NOW the Plaintiff, Kelly L. Nimeth, by and through undersigned counsel,
Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint
against the above-named Defendants.

## PARTIES

      1.     Plaintiff, Kelly L. Nimeth, is a natural person and citizen of the State of Colorado,
with a current address of 13520 Garfield, Thornton, Colorado 80241.

      2.     Defendant, the Unum Life Insurance Company of America ("Unum") is a
corporation and/or similar business entity which regularly conducts business in the State of
Colorado, including but not limited to the advertisement, sale, processing and adjustment of
group disability insurance claims. Defendant does business as part of and under the name. The
Defendant's registered agent for service of process is the Corporation Service Company, 1900
West Littleton Boulevard, Littleton, Colorado 80120.

3.      Defendant, Sonic Automotive, Inc. ("Sonic") is a foreign corporation which regularly conducts business in the State of Colorado.  The Defendant's principal address is 4401 Colwick Road, Charlotte, North Carolina 28211. Upon information and belief, this Defendant is a sponsor, administrator and/or is otherwise a fiduciary of the Mountain States employee benefit plan herein.

4.      Defendant, Sonic – Denver T, Inc., d/b/a Mountain States Toyota ("Mountain States") is a Colorado corporation which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Upon information and belief, this Defendant is a subsidiary of, and/or is otherwise included under the Sonic Automotive Plan, and is of the employee benefit plan at issue.

## JURISDICTION AND VENUE

5.      At all pertinent times, Defendants administered, insured and/or were fiduciaries for employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of Sonic and Mountain States.  The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, the Plan has delegated to Defendant Unum its obligation to make all benefit decisions at issue in this claim. The Plan is designated as the Sonic Automotive, Inc. Welfare Benefit Plan.

6.      Defendants, and Defendants Sonic and Mountain States in particular, have fiduciary obligations to plan members.

7. At all pertinent times, and prior to his disability, Plaintiff was a full-time employee of Mountain States and was a "participant" in or "beneficiary" of the Sonic Plan within the meaning of ERISA.

8. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policy issued by Defendant Unum to Sonic and/or Mountain States.

## JURISDICTION AND VENUE

9. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy.

10. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendants regularly conduct business and wherein (at least part) of the wrongful conduct alleged herein occurred.

11. Plaintiff's claim for long-term disability benefits due and owing is brought pursuant to ERISA §502(a)(1)(B).

12. Plaintiff's claim for breach of fiduciary duty and/or intentional interference with a plan member's rights is brought pursuant to ERISA §502(a)(2) and/or 502(a)(3).

## STATEMENT OF THE FACTS

13. At all pertinent times, Plaintiff was employed by Mountain States as a Lease Retention Manager, which is a position that required at least sedentary strength levels, and which involved fast-paced and cognitively demanding work. The position also required work of long hours, organizational skills and decision-making.

14.     In or around 2017, Plaintiff was unable to continue working on a regular and full-time basis due to a gunshot wound to the head that caused serious brain damage.

15.     As a result of his injury and ongoing medical issues, Plaintiff was determined to be disabled by the U.S. Social Security Administration.

16.     These medical conditions prohibit Plaintiff from continuing to perform the requirements of his job at Mountain States (or any other reasonable occupation) on a regular and consistent basis.

17.     Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to in ¶8 and 9, *supra,* on a consistent basis

18.     As the aforementioned conditions prevented him from working on a full-time and regular basis, and from otherwise performing the other material requirements of his own and/or other reasonable occupation, Plaintiff applied to the Plan, through his employer, for LTD benefits in or around August 2017.

19.     Defendants initially approved Plaintiff's claim for LTD benefits in 2017, but terminated those benefits on or about August 29, 2019.

20.     Defendants assert that Plaintiff's benefits are limited to 24 months because he was a non-managerial employee, and the Plan provides different benefit levels for employees depending on whether they are a management level employee or not.

21.     The Plan language refers to managers, but does not provide any additional definition or guidance regarding the interpretation of the term.

22.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical

documentation and other information in support of his claim, including additional letters of support from his co-workers confirming he was a management employee.

23.     Plaintiff also included additional information with his appeals, including medical records demonstrating the nature and extent of his ongoing disability and including supporting records.

24.     Defendants refused to alter their position and issued a final denial of Plaintiff's claim on or about February 11, 2021.

25.     Defendants maintain that while Plaintiff's title may have been Lease Retention Manager, Defendants Sonic and/or Mountain States considered him a sales person.

26.     Defendants' determination is against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

27.     Defendants' determination is contrary to the plain language of the Plan.

28.     Defendants' determination was otherwise erroneous, and/or arbitrary and capricious in that Defendants failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other occupation.

29.     Defendants have unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendants' denial of benefits.

30.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed. Defendants issued their final decision on February 11, 2021.

31.     While Plaintiff was appealing Defendants' decision, he contracted his former coworkers to confirm his management position.

32.     Defendant Mountain States ordered employees not to cooperate with Plaintiff, or submit statements in support of his claim, and/or otherwise threatened adverse action.

33.     Despite Defendant's threats, multiple coworkers submitted statements in support of Plaintiff's appeal.

34.     Plaintiff also asserts that Defendant Sonic and/or Mountain States intentionally and without basis recharacterized Plaintiff's position, and/or mislead Plaintiff (and other employees) about the Plan's coverage.

35.     Plaintiff has been damaged by Defendants' wrongful conduct, including that he has lost needed LTD and associated benefits.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. BOTH DEFENDANT**

36.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

37.     At all pertinent times, Defendants were claim fiduciaries, fiduciaries and/or administrators of the Plan, and/or claim administrators, within the meaning of ERISA.

38.     Defendant Unum was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

39.     At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that he was unable to perform the functions of his own and/or any other occupation and provided reasonable documentation (medical or otherwise) of that fact.

40.     Defendants have improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

41.     Defendants' wrongful conduct includes, but is not limited to:

A.     Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.     Failing to provide an adequate review and appeal;

C.     Failing to act in Plaintiff's best interests;

D.     Failing to consider credible evidence of functional impairments;

E.     Failing to consider Plaintiff's prior medical history;

F.     Failing to reasonably interpret and apply the terms of the Plan;

G.     Failing to conduct a reasonable investigation; and

H.     Failing to reasonably and properly interpret and implement all Plan provisions.

42.     As a matter of law, Defendants have an inherent conflict of interest in this matter as claims administrator and guarantor.

43.     Defendants' wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY AND/OR INTENTIONAL INTERFERENCE WITH ERISA PROTECTED RIGHTS PLAINTIFF V. DEFENDANT MOUNTAIN STATES

44.     At all pertinent times, Defendant Mountain States was a fiduciary and had a duty to provide Plaintiff with accurate information.

45.     Defendant breached that duty as set forth above, including by failing to advise Plaintiff of other available options.

46.     Plaintiff was injured as a result, as set forth herein.

## DAMAGES

47.     The Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of LTD benefits.  Plaintiff has also incurred attorney's fees and costs as a result of the Defendants' conduct.

WHEREFORE, Plaintiff requests judgment and damages against both Defendants and/or the Plan as follows:

A.     A declaratory judgment that Defendants have violated Plaintiff's rights under ERISA;

B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendants to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

C.     Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendants to process Plaintiff's claim for future LTD disability benefits.

D.     Reinstatement of any other employee benefits available, including the Plan's group life insurance policy;

E.      Reasonable attorneys' fees and costs, including but not limited to witness

fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or

other applicable case law;

F.      Interest on any awards at the highest rate allowed by law as provided in

ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

G.      Such other and further relief as this Court deems just and appropriate.

Dated this 11th day of March, 2021.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

_____
Thomas A. Bulger, Esq.
Counsel for Plaintiff
4800 Wadsworth Boulevard, Suite 307
Wheat Ridge, Colorado   80033
(3030 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com

**Plaintiff's address:**

13520 Garfield
Thornton, Colorado 80241